ALBERT L. WEBSTER, RESPONDENT, v. BOARD OF CHOSEN
FREEHOLDERS OF THE COUNTY OF HUDSON, APPEL-
LANT.

Submitted December 8, 1913—Decided June 15, 1914.

1. When a case is tried by the court, a jury being waived, its find-
ing on the blended law and facts cannot be reviewed on error.
2. A record of pleadings, trial, and judgment below containing no
error in the strict record, and no ruling of the trial court on mat-
ter of law excepted to, presents no case for reversal.
3. The Practice act of 1912 and rules in pursuance thereof have
made no change in the fundamental rules for review of actions
at law as in error, that there must be some ruling in the court
below, that it must be adverse to the appellant and that the trial
court must through the instrumentality of a formal challenge of
that ruling have an opportunity to reconsider and modify or
change it.

On appeal from Hudson Circuit Court.

For the appellant, *Thomas G. Haight.*

For the respondent, *Hartshorne, Insley & Leake.*

The opinion of the court was delivered by

PARKER, J.   This case was submitted on briefs without oral
argument.

Counsel for appellant does not point out in his brief, nor
on a careful examination of the printed book do we find in
the entire case, any ruling or determination of the trial court
on any point of law that was excepted to, or otherwise chal-
lenged at the time in such a way as to support an appeal.

The case was submitted to the trial court without a jury
by consent.   The evidence was put in partly by stipulation
of facts between the parties with a note of objections to the
relevancy and competency of some of these facts having
been reserved, and partly by testimony taken *de bene esse*
by consent apparently in the office of one or another of the
counsel and without the presence so far as appears of a Su-

preme Court commissioner or other officer. Certain objections to evidence are noted in the stenographic transcript of these depositions. These objections, as well as those entered on the stipulation, should normally have been laid before the trial judge for a ruling, and the ruling challenged by noting an exception thereto. Nothing of the sort appears. On the contrary it would seem that all this evidence in written form was handed up to the judge, the case argued at large if at all, and subsequently he filed a short memorandum of his decision. There is not only no challenge of any ruling on a matter of law, but no such ruling made or asked for except so far as is involved in the rendering of judgment for the plaintiffs below, which turned on questions of fact as well as of law.

The case is therefore eminently one for the application of the rule laid down in the Supreme Court by the late Chief Justice Beasley in *Mills* v. *Mott,* 59 *N. J. L.* 15, and followed by a number of decisions both in the Supreme Court and in this court, some of which follow: *Weger* v. *Delran,* 61 *Id.* 224, 227; *Person* v. *Herring,* 63 *Id.* 599; *N. J. Rubber Co.* v. *Commercial Union Insurance Co.,* 64 *Id.* 51; *Leaver* v. *Kilmer,* 71 *Id.* 291; *Rhind* v. *Freedley,* 74 *Id.* 138; *Bogert* v. *McChesney,* 77 *Id.* 797.

The barrenness of the case as regards any challenged ruling of law is brought into strong relief by a perusal of the eight grounds of appeal, seven of which consist of propositions of law or fact, or both, which are urged upon this court without any intimation that they were ruled on or even presented to the court below, still less ruled adversely and excepted to; and the eighth, which is merely that the court gave judgment for the plaintiff when it should have given it for the defendant.

The fact that the pleadings and hearing were under the Practice act of 1912 no way operates to change the result, either as to the necessity of challenging adverse rulings of law at the trial, or the appealability of a ruling on mixed questions of law and fact. "Bills of exceptions" as such are abolished; but the necessity of apprising the trial court

that a ruling will be reviewed remains. *Kargman* v. *Carlo,* 85 *N. J. L.* 632. Section 154 of the Practice act of 1903, relating to trials without jury, is·now repealed; but in its place we have section 25 of the Practice act of 1912, providing in part that subject to rules, an appeal is in the nature of a rehearing upon any question of law involved in any ruling, order or judgment below; and rule 113 of the Supreme Court, which by section 29 is applicable to this court, and provides that "in trials without a jury * * * upon request of any party, the rulings of the court upon any point of law involved in the decision of judgment shall be stated in the findings."

The only imaginable reason for stating such rulings in the findings is to make them the foundation of a review; and it is quite plain, therefore, that the fundamental rules of review on error, that there must be a ruling, that it must be adverse, and that the trial court must through the instrumentality of a formal challenge have an opportunity to reconsider and modify or change it, have not been nullified or emasculated by anything contained in the new Practice act or the rules made in pursuance thereof.

No legal error being presented for review, the judgment will be affirmed. *Mills* v. *Mott, ubi supra.*

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.